UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TERI LYNN HAMILTON,

Plaintiff,

v.

WATERS OF HOBART,

Defendant.

Case No. 2:26-CV-454-GSL-AZ

**OPINION AND ORDER**

Plaintiff Teri Lynn Hamilton, proceeding without the benefit of a lawyer, initiated this case and filed a motion asking to proceed in forma pauperis on September 18, 2026.

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *Smith v. Galipeau*, 2024 U.S. Dist. LEXIS 113411, at *1 (N.D. Ind. Jun. 27, 2024); *see Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). A court must dismiss a case any time it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Smith*, 2024 U.S. Dist. LEXIS 113411, at *2 (citing *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015)). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Relevant to the case at bar, "[a]

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Plaintiff satisfies the financial prong of the analysis, so the Court turns to whether the suit has sufficient merit to proceed. In her Complaint, Plaintiff alleges that Defendant, Waters of Hobart, through its employees, violated 42 U.S.C. § 1983 when she was terminated because of her race. [DE 1]. The Complaint alleges only three facts giving rise to underlying claim:

> Citiria Porter- Witness behavior of employer who was allowed to leave building and did not return 4 hours later because she was new to facility and being oriented by the nurse in question (John)
>
> Brandi- Current director of nursing and a character witness since I was accused of prejudice. She has worked with me at a Facility in Hobart
>
> Darrick- character witness who worked for Unity Hospice and was disrespected by Waters of Hobart staff where I had to intervene

[Id. at 4].

"To prevail on a [42 U.S.C.] § 1983 claim, a plaintiff must show that the defendant deprived her of a federal constitutional right and that the defendant acted under color of state law." *Sizyuk v. Purdue Univ.*, 2024 WL 68282, at *2 (N.D. Ind. Jan. 5, 2024). In other words, § 1983 does not protect a plaintiff from the actions of a private individual or entity, but only from "those wrongdoers who carry a badge of authority of a State and represent it in some capacity[.]" *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454, 461–62, 102 L. Ed. 2d 469 (1988) (internal citations omitted).

The facts in the Complaint, aside from being far too vague, fail to allege how or if Waters of Hobart was acting under the color of state law during the time in question, an essential element of a

§ 1983 claim. Additionally, the Complaint alleges conduct by individuals but fails to allege conduct on the part of Waters of Hobart, the only Defendant in this case. *See Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (holding that "plaintiffs must adequately connect specific defendants to illegal acts" to state a plausible claim for relief). For both reasons, Plaintiff has failed to state a claim for relief pursuant to 42 U.S.C. § 1983.

Since "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amended would not be futile," the Court will permit Plaintiff to amend the Complaint if she so chooses. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

For these reasons, the Court:

(1) **TAKES UNDER ADVISEMENT** the Motion to Proceed in Forma Pauperis [DE 2];

(2) **GRANTS** Plaintiff until **October 21, 2026,** to file an amended complaint; and,

(3) **CAUTIONS** Plaintiff that if Plaintiff does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current Complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: September 24, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court